FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 23, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SHEILA M.,

        Plaintiff,

v.

FRANK BISIGNANO,
Commissioner of Social Security,[1]

        Defendant.

No. 1:24-CV-03163-JAG

ORDER AFFIRMING
THE DECISION OF THE
ADMINISTRATIVE LAW
JUDGE

**BEFORE THE COURT** is Plaintiff's Opening Brief and the Commissioner's Brief in response.  ECF Nos. 10, 15.  Attorney D. James Tree represents Sheila M. (Plaintiff); Special Assistant United States Attorney Ryan Lu represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline.  ECF No. 3.  After reviewing the administrative record and briefs filed by the parties, the Court **AFFIRMS** the Administrative Law Judge's (ALJ) decision.

## I.    JURISDICTION

Plaintiff filed her most recent applications for Disability Insurance Benefits and Supplemental Security Income on August 31, 2021, alleging disability since June 16, 2021, due to ADHD, DDD, Fibromyalgia, IBS, PTSD, Anxiety/

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted as the defendant in this suit.

ORDER AFFIRMING ALJ'S DECISION - 1

Depression, Bipolar, Memory Issues, Panic Attacks, and Possible Autistic. Tr. 373, 394, 411. Plaintiff previously applied for and was denied benefits alleging different onset dates twice. Plaintiff's most recent claim was denied initially and on reconsideration, and she requested a hearing before an ALJ. Tr. 241, 251, 282, 301. A hearing was held on November 2, 2023, at which vocational expert Mark Harrington, and Plaintiff, who was represented by counsel, testified. Tr. 39-40. ALJ Laura Valente presided. Tr. 39. At the hearing, counsel moved to amend the onset date to September 15, 2021. The ALJ denied benefits on December 13, 2023. Tr. 14. The Appeals Council denied review. Tr. 1. The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on October 14, 2024. ECF No. 1.

## II.    STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and the ALJ's decision and are only briefly summarized here. Plaintiff was born in 1972 and was 49 years old on the amended alleged onset date. Tr. 373. Plaintiff's past jobs include fruit sorting. Tr. 432.

## III.    STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a

ORDER AFFIRMING ALJ'S DECISION - 2

reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV.    SEQUENTIAL EVALUATION PROCESS

The Commissioner established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); see *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do their past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

ORDER AFFIRMING ALJ'S DECISION - 3

## V.    ADMINISTRATIVE FINDINGS

On December 13, 2023, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At *step one*, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the amended onset date of September 15, 2021.  Tr. 19.

At *step two*, the ALJ found Plaintiff had the severe impairments of depressive disorder; anxiety disorder; substance abuse disorder; obesity; chronic pain; degenerative disc disease, lumbar; and posttraumatic stress disorder.  Tr. 19.

At *step three*, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).  Tr. 20.

The ALJ also found that Plaintiff has the residual functional capacity ("RFC") to perform medium work, with the following limitations:

> she can sit, stand, and walk for six hours each in an eight hour workday; she is capable of simple routine task work; she can work superficially and occasionally with the general public; she can work in same room with coworkers but she should not work in coordination with coworkers; and she can interact occasionally with supervisors

Tr 22.

At *step four*, the ALJ found that Plaintiff could perform past relevant work as a sorter, agricultural produce, as it is generally performed.  Tr. 32-33.

At *step five*, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff also was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of hospital cleaner, janitor, and machine packager.  Tr. 34.

ORDER AFFIRMING ALJ'S DECISION - 4

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 34.

## VI.    ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends that the ALJ erred by improperly rejecting Plaintiff's symptom testimony and improperly evaluating and rejecting medical opinions by Philip Gibson, David Morgan, Thomas Genthe, and Christina Eglin.

## VII.    DISCUSSION

### A.    <u>Plaintiff's Subjective Statements.</u>

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 10 at 8-15. Specifically, Plaintiff complains that the ALJ improperly assessed her mental health symptoms and reports of pain including back pain and pain/numbness from fibromyalgia.[2] It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing."

---

[2] Plaintiff's briefing specifically refers to fibromyalgia, but the ALJ found a severe impairment of chronic pain syndrome, not fibromyalgia.

ORDER AFFIRMING ALJ'S DECISION - 5

*Smolen*, 80 F.3d at 1281; *Lester*, 81 F.3d at 834.  "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester* at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Regarding Plaintiff's mental health issues, the ALJ examined the longitudinal record, recognized some limitations, but found that the "findings and observations during routine appointments does not corroborate the severity or frequency of her reported symptoms and suggests greater functional capacity than alleged."  Tr. 23-24.  The ALJ proceeded to give specific examples from the record that supported this conclusion.  Tr. 23-25.  Although Plaintiff points to a mis-citation and complains there are also records that point to a different conclusion, the mis-citation is not harmful error and the ALJ identified specific testimony and specific evidence that undermined the testimony as required.

Further, the ALJ noted that the "severity and frequency of her mental symptoms is also not entirely consistent with her treatment record."  Tr. 25.  The ALJ noted that despite complaints of severe symptoms, Plaintiff declined to take mental health medication at several appointments.  Tr. 25.  Unexplained or inadequately explained reasons for failing to seek medical treatment or follow a prescribed course of treatment can cast doubt on a claimant's subjective complaints.  *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996) (finding the ALJ's decision to reject the claimant's subjective pain testimony was supported by the fact that claimant was not taking pain medication).

As for Plaintiff's pain complaints, the ALJ found that record did not support Plaintiff's reports of pain both in terms of functionality when examined at appointments, and Plaintiff's disinterest in taking non-narcotic medications. Tr. 25-26.  Like in the case of the mental health complaints, the ALJ examined the

ORDER AFFIRMING ALJ'S DECISION - 6

record and cited to specific instances in the medical record that supported the findings.  Tr. 25-26.  The ALJ also noted that when Plaintiff was denied narcotic medications, she declined to try non-narcotic alternatives to manage pain symptoms.  Tr. 26.  The ALJ concluded that Plaintiff would have complied with treatment recommendations to address pain had the symptoms been as severe as Plaintiff suggested.  Tr. 26.

**B.    Medical Opinions.**

For claims filed on or after March 27, 2017, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. § 416.920c(a) and (b), 20 C.F.R. § 404.1520c(c).  The factors for evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program).  20 C.F.R. § 416.920c(c)(1)-(5), 20 C.F.R. § 404.1520c(c).

Supportability and consistency are the most important factors, and the ALJ must explain how both factors were considered.  20 C.F.R. § 416.920c(b)(2), 20 C.F.R. § 404.1520c(c).  The ALJ may explain how the ALJ considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record.  *Id.*  Supportability and consistency are explained in the regulations:

> (1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

ORDER AFFIRMING ALJ'S DECISION - 7

(2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 F.R. § 416.920c(c)(1)-(2) and 20 C.F.R. § 404.1520c(c).

The Ninth Circuit has addressed the issue of whether the regulatory framework displaces the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). The Court held that the 2017 regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies. *Id.* at 788-89, 792. The Court reasoned the "relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* at 790, 792. Even under the new regulations, an ALJ must provide an explanation supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent. *Id*. at 792. The ALJ need only examine factors beyond supportability and consistency if two conflicting medical opinions are "both equally well supported and consistent with the record." 20 C.F.R. § 404.1520c(b)(3).

Plaintiff challenges the ALJ's assessment of four medical sources: Philip Gibson; David Morgan; Thomas Genthe; and Christina Eglin. The ALJ reviewed several conflicting medical sources and found the medical opinions of Michael Brown, Ph.D., Steven Haney, M.D., Robert Stuart, M.D., and Prianka Gerrish, M.D. persuasive and the opinion of Marquetta Washington, A.R.N.P. persuasive.

ORDER AFFIRMING ALJ'S DECISION - 8

Tr. 26-27.  The ALJ found the opinions of those challenged by Plaintiff listed above as well as Holly Petaja, Ph.D., Rana Aldaw, M.D., Myrna Palasi, M.D., Brent Packer, M.D., and Russell Maier, M.D., unpersuasive.  Tr. 27-32.  For each medical source the ALJ reviewed the supportability and consistency of the opinion.  Tr. 26-32.

### 1. *Philip Gibson, Ph.D., David Morgan, Ph.D., and Thomas Genthe, Ph.D.*

The ALJ examined each opinion and found that while Philip Gibson, David Morgan and Thomas Genthe each had the opportunity to examine Plaintiff, none of their opinions were informed by a review of the updated record and that findings of limitations beyond "limiting the claimant to simple routine work with social limitations" were out of proportion with the longitudinal record.  Tr. 28.  Further, upon review of the medical record, the ALJ also concluded that, Plaintiff's "minimal mental health treatment record during the period at issue that suggests that the claimant retains greater functional capacity than opined by" these doctors.  Tr. 28.  As to Thomas Genthe, the ALJ also noted that his "opinion relates to an administratively final adjudicated period, and it is therefore of limited relevance."  Tr. 29.

### 2. *Christina Eglin, M.D.*

Finally, the ALJ reviewed treating physician Dr. Eglin's opinion that Plaintiff could not even perform sedentary work and concluded that the opinion conflicted with Plaintiff's treatment record, to include physical examinations and neurological findings.  Tr. 28.  The ALJ concluded that Dr. Eglin's opinion was not supported by the record.  Tr. 28.  The ALJ properly examined Dr. Eglin's opinion for supportability, found it lacking, and thus properly found Dr. Eglin's limitations unpersuasive.

ORDER AFFIRMING ALJ'S DECISION - 9

## VIII.   CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and is not based on harmful legal error.  Accordingly, **IT IS ORDERED**:

1.      Defendant's request to affirm the Commissioner's decision, **ECF No. 15**, is **GRANTED**.

2.      Plaintiff's request to remand for benefits, **ECF No. 10,** is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel.  Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED March 23, 2026.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER AFFIRMING ALJ'S DECISION - 10